O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

     This case is before the Court on the motion to dismiss filed by defendants Aurora Loan Services, LLC ("Aurora"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Mortgage Electronic Registration System, Inc. ("MERS") (collectively "Defendants").  Defendants removed this action to federal court on March 9, 2011, after plaintiff Michelle Renee Salcido ("Plaintiff") filed a first amended complaint ("FAC") naming Freddie Mac as a defendant.[1]  Defendants now seek to dismiss the first amended complaint ("FAC") filed by plaintiff.  For the reasons set forth below, the Court GRANTS the motion in part and DENIES it in part.[2]

**I.   FACTS**

     Unless otherwise indicated, the following "facts" are based on the FAC's allegations, which the Court must accept as true for purposes of this motion.

     On October 6, 2006, Plaintiff entered into a mortgage agreement with Platinum

---

[1] The Court DENIES Plaintiff's motion to remand.  Docket No. 9.  As Defendants argue in their opposition to the motion to remand, to which Plaintiff did not reply, 12 U.S.C. section 1452(f) authorizes Freddie Mac to remove any action to which it is a party, at any time before trial.

[2] Docket No. 6.  The Court GRANTS Defendants' unopposed motion to strike Plaintiff's claim for punitive damages.  Docket No. 5.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

Capital Group ("Platinum"), through which Plaintiff obtained a $350,000 loan secured by her home in La Puente, California. FAC ¶ 9. Platinum actually created two mortgages for Plaintiff: one in the amount of $280,000 and a second in the amount of $70,000. FAC ¶ 10. Plaintiff agreed to accept two mortgages only because she was told that she could not otherwise get the financing she sought. FAC ¶ 10. Soon after concluding this deal, Plaintiff was informed that the right to collect payment under the Note had been transferred to Aurora. FAC ¶ 11.

In March 2009, Aurora informed Plaintiff that her payments on the first mortgage were being increased from $1,839 per month to $2,400 per month. FAC ¶ 12. According to Aurora, a delinquency in Plaintiff's mortgage account caused this increase. FAC ¶ 12. Plaintiff claimed there was no such delinquency and offered to pay Aurora the regular monthly amount of $1,839. FAC ¶ 12. Aurora rejected this offer, leading to a dispute between Plaintiff and Aurora regarding the proper amount due under the first mortgage agreement. FAC ¶ 12.

In June 2009, Plaintiff and Aurora:

> reached a written and oral agreement to resolve the . . . dispute between them and modify the original Deed of Trust, wherein it was agreed that if Plaintiff made a new monthly payment of $1,364 starting on or about September 2009 through December 2009, Defendant Aurora will cease any foreclosure action . . . and will offer Plaintiff a permanent modification of the mortgage loan under the Home Affordability Mortgage Program ("HAMP") loan workout plan . . . .

FAC ¶ 13.

In reliance on her agreement with Aurora, Plaintiff made monthly payments of $1,364 and desisted from filing a planned bankruptcy action and from otherwise protecting her property from foreclosure. FAC ¶ 14. Also in reliance on the agreement, Plaintiff expended $25,000 "to renovate, repair and enhance the subject property." FAC ¶ 15. In accord with the agreement, Plaintiff believed that if she successfully made the trial period payments, then the first mortgage would be permanently modified to provide

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

for $1,364 monthly payments. FAC ¶ 16. She made the agreed new monthly payments through July 2010. *Id.*

On July 19, 2010, after making the July 2010 payment of $1,364 to Aurora, Plaintiff received a letter from Aurora stating that the offer to modify Plaintiff's loan had been denied because Plaintiff had failed to submit certain requested documents. FAC ¶ 17. In fact, Plaintiff had submitted every document Aurora had requested. FAC ¶ 18. Plaintiff called Aurora to ask why Aurora had sent her the letter. FAC ¶ 18. During this call, "Aurora's agent informed Plaintiff that the modification was actually being denied because Plaintiff and her husband made too much income and could afford the original mortgage payments of $1,839 a month." FAC ¶ 18. Aurora's agent then told Plaintiff that she could qualify for another loan modification program, and that there was no pending foreclosure action on her property. FAC ¶ 18. At no time did Aurora tell Plaintiff or her husband that Plaintiff was in default under the original mortgage and that foreclosure on her property was imminent. FAC ¶ 20.

On July 30, 2010, an Aurora representative informed Plaintiff that her property had been foreclosed upon on July 28, 2010, and that Aurora had purchased the property at the foreclosure sale. FAC ¶ 21. Plaintiff never received any Notice of Default, Notice of Trustee's Sale, or any assignment of the Note or other transfer of rights under the Note. FAC ¶ 21. Under the original Deed of Trust, the lender is Platinum, the beneficiary is MERS, and the Trustee is Advantages Title, Inc.

Defendants have submitted a request for judicial notice of various public records (e.g., Deed of Trust, Notice of Default, and Trustee's Deed Upon Sale) related to Plaintiff's mortgage. The Court may take judicial notice of such documents without converting this motion to dismiss into a motion for summary judgment, but it cannot take judicial notice of facts within such documents that are reasonably subject to dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[T]he court did more than take judicial notice of undisputed matters of public record. The court took judicial notice of disputed facts stated in public records. . . . Accordingly, we hold that the district court erred in granting the . . . motion to dismiss . . . by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

For example, Defendants have submitted a recorded Loan Modification Agreement effective November 1, 2008. Request for Judicial Notice ("RJN") Exh. F. Defendants claim this document shows that Plaintiff defaulted on her first mortgage in 2008 and that Plaintiff and Aurora agreed to reduce Plaintiff's monthly payments to $1509.64. Plaintiff's allegations contradict the facts in the Loan Modification Agreement, at least insofar as Plaintiff alleges her monthly payment was $1839 through March 2009. FAC ¶ 12.

Defendants have also submitted a Notice of Default dated June 2009, which they claim demonstrates that Plaintiff defaulted on her loan by failing to make her January 2009 payment and failing to make any payments thereafter. RJN Exh. H. According to the Notice of Default, Plaintiff was in default in an amount of $10,341 by June 2009. RJN Exh. H. Plaintiff's allegations contradict the facts in the Notice of Default in numerous respects. As an example, she alleges that she was not delinquent in her payments as of March 2009, and that she reached an agreement with Aurora to modify her loan in June 2009. FAC ¶ 12. The Court cannot rely on such disputed facts within the documents submitted by Defendants. In reaching this conclusion, the Court notes that the First Amended Complaint is verified under penalty of perjury by Plaintiff.

Plaintiff alleges causes of action for: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing against Aurora; (3) fraud against MERS; (4) fraud against Aurora; (5) wrongful foreclosure against MERS and Cal-Western Reconveyance Corporation ("Cal-Western")[3]; and (5) quiet title against Freddie Mac and MERS. The Court addresses them in turn.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)

---

[3] Cal-Western did not join in the instant motion.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III.   ANALYSIS

### A.   Plaintiff Need Not Have Tendered the Amount Due Under Her Loan

Defendants argue that all of Plaintiff's causes of action are barred because she failed to tender the amount due under her loan.  "Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt."  *Montoya v. Countrywide Bank*, 2009 WL 1813973, *11 (N.D. Cal. June 25, 2009) (citations omitted).

The tender rule is not absolute, however, and "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (citing 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, ¶ 9:154) (affirming trial court's grant of relief to plaintiff on rescission claim although plaintiff failed to tender).  Notably, "'if the [plaintiff's] action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt.'"  *Ferguson v. Avelo Mortgage, LLC*, — Cal. Rptr. 3d —, 2011 WL 2139143, *3 (June 20, 2011) (quoting *Onofrio*, 55 Cal. App. 4th at 424).

Here, Plaintiff specifically disputes the validity of the underlying debt, in that she alleges she was not in default and that she made all required mortgage payments through the time of the foreclosure on her home.  Accordingly, tender is not required, at least not at this stage of the case.

### B.   Plaintiff Has Stated a Claim for Breach of Contract

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance;

(3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  *CDF*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

*Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

     Here, Plaintiff alleges that: (1) she entered into a written and oral agreement with Aurora to modify the terms of her loan; (2) that she performed her obligations under the agreement (e.g., by making the required payments); (3) that Aurora breached the agreement by failing to offer Plaintiff a permanent loan modification and by foreclosing on her home; and (4) that Plaintiff suffered damages as a result, because she lost her home.  FAC ¶¶ 28-31.  Plaintiff further alleges that she reasonably relied upon her agreement with Aurora by refraining from filing for bankruptcy and by renovating her property.  FAC ¶ 30.

     Defendants argue that a lender's agreement to forebear from exercising the right of foreclosure under a deed of trust comes within the statute of frauds, and that Plaintiff has failed to attach a signed, written agreement to the FAC.  Motion at 6 (citing *Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 548-49 (2008)).  They also argue that a mere oral promise to postpone a foreclosure sale is unenforceable, and there is no "duty" to provide a loan modification.  Finally, Defendants argue that Plaintiff cannot assert promissory estoppel because her alleged expenditure of $25,000 on home improvements and her decision not to declare bankruptcy were manifestly unreasonable in light of her failure to abide by her earlier loan modification agreement.

     Notwithstanding that Plaintiff has not produced a valid written agreement, she has nevertheless adequately alleged promissory estoppel.  Plaintiff alleged that she entered into an oral agreement with Aurora to modify her loan and prevent a foreclosure on her home, and that she reasonably relied upon that agreement by making improvements to her home and by not filing for bankruptcy.  *Sutherland v. Barclays American/Mortgage Corp.*, 53 Cal. App. 4th 299, 311 (1997) ("Sutherland relied to her detriment on Barclays's statement that she could postpone three mortgage payments.  Having orally agreed to such a postponement, Barclays cannot rely on the absence of a *written* agreement in order to declare Sutherland in default for missing those payments.").  Accordingly, Defendants are estopped at this stage from asserting the statute of frauds as a defense.

     Defendants' argument that Plaintiff's reliance on Aurora's promise was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

"manifestly unreasonable" is unpersuasive at this stage. The Court cannot find on the current record that it would be "manifestly unreasonable" for Plaintiff not to have filed for bankruptcy due to a promised loan modification, merely because she allegedly had failed to comply with the terms of an earlier loan modification agreement. Similarly, Defendants' argument that there is no "duty" to modify a loan also fails. Plaintiff has alleged that Defendants *agreed* to modify the loan and then breached that agreement. Thus, whether Defendants otherwise had a *duty* to modify the loan is irrelevant.

Accordingly, Plaintiff has adequately stated a claim for breach of contract.

### C.    Plaintiff Has Stated a Claim for Breach of the Implied Covenant

The implied covenant of good faith and fair dealing "impose[s] upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, [and] also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093 (2004) (internal quotation marks and citations omitted).

Defendants argue that Plaintiff has failed to state a claim for breach of the implied covenant because Plaintiff has failed adequately to allege the existence of a contract. Further, Defendants argue that Plaintiff cannot pursue a claim for breach of the implied covenant because "tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties [e.g., as exists between insurer and insured], and there was no special relationship between these parties." *Bionghi v. Metro. Water Dist. of So. Cal.*, 70 Cal. App. 4th 1358, 1360 (1999).

As discussed above, Plaintiff has adequately alleged the existence of an enforceable contract. Defendants' arguments concerning the non-existence of a "special relationship" are inapposite here, because such a relationship is necessary only for a recovery in tort. Here, as Plaintiff points out, she seeks only a contract remedy (specific performance), not tort damages. *Blue Shield of Cal. Life & Health Ins. Co. v. Super. Ct.*, 192 Cal. App. 4th 727, 730 n.1 (2011) ("Claims for breach of the implied covenant of good faith and fair dealing may sound in either contract or tort, depending upon the

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

remedies being sought. A contract claim limits the plaintiff to contract remedies only, while a tort claim permits recovery of non-contract damages . . . .").

Accordingly, Plaintiff has adequately stated a claim for breach of the implied covenant.

### D. Plaintiff Has Failed to State a Cause of Action for Fraud Against MERS

"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Phillipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007). Allegations of fraud must be pleaded with particularity. Fed. R. Civ. Proc. 9(b). Rule 9(b) "ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986); *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber*, 806 F.2d at 1401.

Plaintiff alleges that MERS falsely represented that it had the right to payment under the Note, falsely represented that it had the right to foreclose on the Deed of Trust and sell the subject property, and falsely represented in the Notice of Default that Plaintiff was delinquent in her loan payments. FAC ¶ 43. Plaintiff alleges that MERS knew its misrepresentations were false because it had never recorded an assignment of the Note entitling MERS to any obligation of payments and was not otherwise entitled to any payments from Plaintiff. FAC ¶ 44. Further, Plaintiff alleges that MERS intended through its misrepresentations to "either force Plaintiff to pay large sums of money to [MERS] . . . or to abandon the subject property to [MERS] by not resisting the subject foreclosure sale." FAC ¶ 45. Finally, Plaintiff alleges that she reasonably relied upon MERS's misrepresentations because it was "in a superior position of being a financial institution well versed in the mortgage business", and that she was damaged by the foreclosure on her home. FAC ¶ 48.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

Defendants argue that Plaintiff has failed to state a cause of action for fraud against MERS because the plain language of the Deed of Trust permits MERS to foreclose on Plaintiff's property, and MERS did not need to be the holder of the Note in order to exercise its right to foreclose. Defendants also argue that Plaintiff has failed to plead her claim with sufficient particularity, in that she fails to allege an actual misrepresentation and fails to allege who from MERS made such a misrepresentation.

In opposition, Plaintiff claims that by "intentionally proceeding with the public foreclosure sale of Plaintiff's property when it did not have the right to do so, Defendant MERS was intentionally mis-representing that it had the right to foreclose upon the Plaintiff's property when it did not. . . . Plaintiff has not alleged that Defendant MERS needs to produce the original Note before foreclosing. Plaintiff has merely alleged that said Defendant was never assigned the Note and as such cannot enforce the obligations under such Note." Opp at 9.

The Deed of Trust states that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower . . . but, if necessary to comply with law or custom, MERS . . . has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." RJN Exh. B. Unlike disputed facts contained in public records, the Court can take judicial notice of the legal effect of this language, which explicitly grants MERS the right to foreclose and sell Plaintiff's property. There was no need for MERS to be the holder of the Note in order to exercise this right. Consequently, MERS did not make any misrepresentations by exercising such rights. Nor did MERS misrepresent that it had been assigned the Note, or the right to any payments under the Note. Although Plaintiff does allege that MERS misrepresented in the Deed of Trust that Plaintiff was delinquent in her payments, she does not allege that MERS *knew* this was false.

Accordingly, Plaintiff has failed to state a claim for fraud against MERS.

### E. Plaintiff Has Failed to State a Cause of Action for Fraud Against Aurora

The fourth cause of action, for fraud, is alleged against Defendant Aurora only. As

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

discussed in more detail above, Plaintiff alleges that Aurora misrepresented that it would permanently modify Plaintiff's loan and not foreclose on her property; that Aurora actually never intended to modify Plaintiff's loan; that Plaintiff reasonably relied upon Aurora's misrepresentation by making mortgage payments and by failing to take steps to protect her property from foreclosure; and that Plaintiff was damaged.  FAC ¶¶ 53-58.

Defendants argue that Plaintiff has failed to state a claim for fraud against Aurora because the alleged loan modification agreement is within the statute of frauds and Plaintiff has failed to plead a basis for part performance or estoppel.  Finally, Defendants argue that Plaintiff has failed to plead who from Aurora made the alleged misrepresentations.

Plaintiff has adequately alleged promissory estoppel, such that she need not prove the existence of a written contract.  Contrary to Defendants' assertion, she does not merely allege the payment of money in reliance on Aurora's promise to modify her loan.  She also alleges that she refrained from declaring bankruptcy and did not take any other steps to protect her property from foreclosure.

Defendants are correct, however, that Plaintiff has not pleaded her claim for fraud with sufficient particularity.  Plaintiff has adequately alleged the time and content of the alleged misrepresentations, but she has failed to allege the place of the misrepresentations and the identities of the parties to the misrepresentations.

Accordingly, Plaintiff has failed to state a claim for fraud against Aurora.

### F. Plaintiff Has Adequately Stated a Claim for Wrongful Foreclosure, But Only Against Cal-Western

Plaintiff alleges that MERS and Cal-Western wrongfully foreclosed on her property because they were not the holders of the Note and were not entitled to payment under the Note when they foreclosed on Plaintiff's property.  Further, Plaintiff alleges that the Deed of Trust authorized only the Lender or the Trustee – not the Beneficiary – to initiate the foreclosure process, and that Cal-Western executed and recorded a Notice of Default and a Notice of Trustee's Sale before it was properly substituted as Trustee.  Plaintiff also alleges that these notices were not mailed to Plaintiff in the manner

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

prescribed by California Civil Code section 2924, *et seq.*

Defendants argue that Plaintiff's claim for wrongful foreclosure fails because MERS was entitled to foreclose on the property under the express terms of the Deed of Trust, without need for possession of (or rights under) the Note. Further, Defendants have produced a copy of a recorded Substitution of Trustee, which they claim "confirms that Cal-Western Reconveyance Corporation was the proper trustee in this transaction." Motion at 13. Finally, Defendants argue that Plaintiff's allegation concerning the inadequate mailing of the Notice of Default and Notice of Trustee's Sale is entirely conclusory.

As discussed above, MERS had the right to foreclose on the property, was expressly entitled to do so under the terms of the Deed of Trust, and had no need of the Note. *See Hollins v. Recontrust, N.A.*, 2011 WL 1743291 (C.D. Cal. May 6, 2011) (Gutierrez, J.) (dismissing declaratory relief claim with prejudice, and observing that "Plaintiff's claim in this case is similarly flawed [to that in *Gomes*]" insofar as the explicit language of the deed of trust expressly granted MERS authority to act as beneficiary and to foreclose); *Bogosian v. CR Title Services, Inc.*, 2011 WL 2039368 (N.D. Cal. May 18, 2011) (rejecting arguments that defendants lacked standing to foreclose); *Hensley v. Bank of New York Mellon*, 2011 WL 2118810, *1 (E.D. Cal. May 27, 2011) (dismissing wrongful foreclosure claim with prejudice, in part because "Plaintiff signed a deed of trust that explicitly states MERS is a beneficiary" and "[f]ederal and state courts in California have repeatedly rejected . . . challenges to MERS where the plaintiff expressly authorized MERS to act as a beneficiary.").

In addition, Plaintiff's allegation concerning inadequate mailing of the notices does not contain sufficient factual matter such that it is plausible on its face. Plaintiff merely alleges that "[s]aid Notice(s) were not mailed to the Plaintiff in the manner prescribed under California Civil Code section 2924 et seq." FAC ¶ 67. This allegation is completely devoid of factual content and merely states a legal conclusion. As such, it does not provide a basis for Plaintiff's wrongful foreclosure claim.

Plaintiff's allegations concerning Cal-Western, however, are sufficient. Defendants ask the Court to take judicial notice of the recorded Substitution of Trustee, which was executed on July 15, 2008 and recorded on October 3, 2008. RJN Exh. K.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

According to Defendants, this proves that Cal-Western was the duly substituted Trustee at the time it executed and recorded the Notice of Default and Notice of Trustee's Sale in 2009. Defendants' argument fails, however, because Plaintiff alleges that Cal-Western was not properly substituted as Trustee. FAC ¶ 67. Thus, while the Court can take judicial notice of the Substitution of Trustee, it cannot take judicial notice of disputed facts in that document. Accordingly, Plaintiff has adequately stated a cause of action for wrongful foreclosure, but only against Cal-Western. This conclusion is very technical, the Court realizes, and it is highly likely that on the merits this claim will fail.

### G. Plaintiff Fails to State a Claim for Quiet Title

In order to state a claim for quiet title:
> The complaint shall be verified and shall include all of the following:
>
> (a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

(e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Code Civ. Proc. § 761.020.

Defendant argues that Plaintiff has failed to state a claim for quiet title because she does not hold legal title to the property and she has failed to tender the amount of her indebtedness. Further, because a trustee's foreclosure sale is presumed to be valid, Plaintiff has failed to set forth any viable grounds for quieting title.

Under the circumstances alleged here, Plaintiff need not tender the amount due under her loan. *Onofrio*, 55 Cal. App. 4th at 424. Plaintiff has also adequately rebutted the presumed validity of the foreclosure sale by alleging, for example, that Cal-Western was not the Trustee when it executed and recorded the Notice of Default and the Notice of Trustee's Sale.

Plaintiff's claim still fails, however, because she does not allege legal title to the property. It is true that she alleges she was the record owner in fee of title to the property as of July 1, 2010, but she also alleges that her property was subsequently sold and title transferred to Freddie Mac. FAC ¶¶ 75, 78. Under California law, a party alleging ownership of equitable title can maintain an action to quiet title against the owner of the legal title if the party alleges the legal title was secured through fraud. *See Walters v. Fidelity Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1197-98 (E.D. Cal. 2010). Here, Plaintiff's fraud claims fail. Thus, she cannot allege legal title, nor can she pursue her quiet title claim by alleging she has equitable title.

Accordingly, Plaintiff fails to state a claim for quiet title.

### H. Plaintiff's Allegations Regarding Freddie Mac Satisfy Rule 8

Freddie Mac is named as a defendant only in the Sixth Cause of Action for Quiet Title. Although that claim, as alleged, has now been dismissed, Defendants also briefly

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02032 AHM (FFMx) | Date | January 17, 2012 |
|---|---|---|---|
| Title | MICHELLE RENEE SALCIDO v. AURORA LOAN SERVICES, et al. | | |

argue that Plaintiff's allegations generally fail to satisfy Rule 8's pleading standards as to Freddie Mac, and request that Freddie Mac be dismissed outright. They argue that "Plaintiff fails to put Freddie Mac on notice as to why its title or interest in the Subject Property is being challenged." Motion at 16. This argument is not sound. Freddie Mac is the alleged title holder to Plaintiff's property. Plaintiff clearly alleges, in sufficient detail, that her property was foreclosed upon only after Aurora breached an agreement to modify Plaintiff's loan. Plaintiff also alleges that the foreclosure process itself was materially flawed. Further, although the allegations are not sufficiently particular, Plaintiff alleges that Aurora and MERS engaged in fraud. And, finally, Plaintiff alleges that as a result of all the foregoing alleged conduct, Cal-Western issued a Trustee's Deed Upon Sale conveying title in the property to Freddie Mac. These allegations are sufficient to demonstrate to Freddie Mac that Plaintiff is suing it because it obtained title improperly.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS the motion to dismiss in part and DENIES it in part. The Court GRANTS the motion, with leave to amend, as to Plaintiff's causes of action for fraud against MERS and Aurora, and Plaintiff's cause of action for quiet title. The Court DENIES the motion as to the remainder of Plaintiff's causes of action. If Plaintiff chooses to filed a Second Amended Complaint ("SAC"), she must do so no later than 14 days from the date of this order.

The Court is compelled to provide a strong caution to Plaintiff and her counsel: in considering whether to file a SAC, pay careful heed to Fed. R. Civ. P. 11.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |  |
|---|---|---|
| | Initials of Preparer | SMO |